## Stockes v. Mattie

*Barbara Cymerman,* for plaintiff.
*Richard L. Rosenzweig,* for defendant.

WETTICK, *J.*, September 15, 1980—This personal injury action arises out of a December 14, 1976 automobile accident. At that time, plaintiff, then 56 years old, was employed as a maintenance man. He has not returned to work since the accident and in the present action he claims a total and permanent disability on account of, inter alia, an impairment in mental functioning caused by the accident. Defendant disputes this claim. She questions both whether plaintiff is mentally incapable of working as a maintenance man and even if so, whether the accident in any way contributed to any deterioration in plaintiff's mental capacity.

Defendant has filed a motion to compel plaintiff to submit to a mental examination consisting of a series of standardized tests which are designed to evaluate plaintiff's mental capacity. These tests will be given by a licensed clinical psychologist. In support of this motion, defendant accurately contends that most physicians, including psychiatrists, lack the expertise to evaluate the mental ability of a person to perform a job. The clinical psychologist is most qualified to perform this task. Moreover, the expertise of the clinical psychologist is well-recognized. Our appellate courts on several occasions have ruled that psychologists are competent to testify on matters involving brain abnormalities. See Simmons v. Mullen, 231 Pa. Superior Ct. 199, 208, 331 A. 2d 892, 897-98 (1974); Kravinsky v. Glover, 263 Pa. Superior Ct. 8, 396 A. 2d 1349 (1979). Similarly, the legislature has recognized the expertise of the clinical psychologist through section 106 of the Mental Health Procedures Act of July 9, 1976, P.L. 817, sec. 106, 50 P.S. §7106, which requires a treatment team under the direction of either a physician or a licensed clinical psychologist to formulate and review an individual

treatment plan for every person in treatment under the act, through section 5944 of the Judicial Code, 42 Pa.C.S.A. §5944, which provides client confidentiality to clients of licensed psychologists, and through the Act of March 23, 1972, P.L. 136, 63 P.S. §1201, which provides for the licensing of psychologists.

The examination which defendant seeks will provide information that should assist defendant in evaluating the merits of plaintiff's claim and in preparing a defense to this claim. But the only discovery rule which authorizes a court to compel a person to submit to an examination is Pa.R.C.P. 4010 which allows the court only to order a party to submit to an examination by a physician:

"(a) When the mental or physical condition (including blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination *by a physician* or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made." (Emphasis supplied.)

Defendant contends that we should ignore the clear language of this rule because the Supreme Court in promulgating this rule could not have intended to exclude an expert from conducting a mental examination whenever that expert is more competent than a physician to perform this task. We reject this contention. The clear language of a procedural rule may be disregarded only if it is patently

inconsistent with the purposes of the rule and will produce results that are absurd or unreasonable: Pa.R.C.P. 127, 128. Rule 4010 is not designed to provide all information that may assist a party in preparing its case. Instead, by permitting a court to order an examination only on motion for good cause shown and by requiring the court to specify the manner, conditions and scope of the examination, this rule also recognizes the privacy interests of a person whose physical or mental condition is in controversy. And the requirement that the examination be conducted by a physician appears to be a deliberate effort to protect these privacy interests because this requirement will limit the scope, number and types of physical and mental examinations to which a person will be subjected.

In this present case, the psychological evaluation was recommended by a vocational consultant whom defendant retained. This case does not involve a request for a psychological examination under the supervision of a psychiatrist or other medical doctor. Consequently, we do not decide in this case whether a mental examination conducted by a physician which would include psychological testing by a clinical psychologist selected and directed by this physician would be permitted under Rule 4010.

## ORDER

On September 15, 1980, it is hereby ordered that defendant's motion to compel plaintiff to submit to a mental examination by a licensed clinical psychologist is denied.